TYSON, Judge.
*598 Rhonda S. Price ("Respondent") appeals from adjudication and disposition orders finding her two sons to be neglected and dependent juveniles. We hold that once the trial court appointed Respondent a Rule 17 guardian ad litem ("GAL"), the hearings should not have proceeded without the GAL being present. The trial court's orders are vacated and the cases are remanded.
I. Background
The Rutherford County Department of Social Services ("DSS") filed the petitions in response to Respondent's report of an incident on 6 May 2014, where the father of both juveniles allegedly threatened to beat H.L.P. "until he was bruised all over with blood running all over him." Respondent sought assistance, but repeatedly told DSS staff she was unable and unwilling to leave the father and move her children to a safe place. On 7 May 2014, DSS filed petitions alleging Respondent's *242 two minor children, D.L.P. and H.L.P., were neglected and dependent juveniles and took non-secure custody of D.L.P. and H.L.P.
The pre-adjudication and adjudication hearings occurred on 12 August 2014. Respondent was not present for the hearings. Respondent's appointed counsel was present and indicated he had "not been advised that well" and that "he will stand mute." After DSS presented evidence, Respondent's appointed counsel did not question the witness and the court noted "Mr. Rogers is mute." The trial court found H.L.P. and D.L.P. to be neglected and dependent juveniles. Due to Respondent's absence, the court held the disposition hearing open until the next day.
Respondent was present for the disposition hearing the following day. At the outset, Respondent's appointed counsel notified the court that Respondent had retained counsel and asked the court to release him from his appointment. The trial court agreed to release appointed counsel after the conclusion of the disposition hearing. At this point, Respondent told the court her retained counsel "has every intention of asking for this to be retried or refiled for a readjudication [sic] hearing, *599 for another hearing." The trial court indicated Respondent could request a new hearing, but asked Respondent to allow the court to finish the disposition hearing before moving forward with anything else.
During disposition, the court received evidence from DSS and the GAL for both juveniles. Respondent's appointed attorney did not question, examine or participate. The juveniles' GAL requested that both Respondent and the juveniles' father be required to undergo psychological evaluations. At that time Respondent announced she was leaving the courtroom. The court ordered the bailiff to take Respondent into custody and hold her in the courtroom, to which she replied, "[t]hen you can take me to jail ... I don't need to be here." Respondent refused to remain quiet and finally stated, "I am not going to be quiet until you remove me from this courtroom." Following this exchange, the court ordered the bailiff to remove Respondent from the courtroom.
Because of Respondent's outburst, a discussion on the record ensued between the court, Respondent's appointed attorney, Respondent's husband, and the juveniles' GAL attorney about possible ways to obtain a mental assessment or treatment for Respondent. Ultimately, the Court ordered Respondent to be held in protective custody until she was assessed by the Mobile Crisis Unit.
The trial court entered its adjudication and disposition orders over three months later on 18 November 2014. Separate, but identical, orders address each juvenile, with each order entitled, "Adjudication and Disposition Order." In both juveniles' orders, the Court made the following findings of fact:
9. The Respondent Mother has suffered an organic brain injury requiring brain surgery.
....
12. The Respondent Mother was present during disposition. In open court she exhibited erratic and belligerent behavior. The Court believes these behaviors may be affiliated with her injury as described above.
13. As a result of her harmful behavior the Court had the Respondent Mother taken into protective custody. The Court determined the Respondent Mother required a Rule 17 Guardian Ad Litem, and Allyson Shroyer was appointed as the Respondent Mother's Rule 17 Substitute GAL. The Respondent Mother was held in custody until she met with the Rutherford County Mobile Crisis Unit.
*600 The adjudication and disposition orders set forth the permanent plan for D.L.P. and H.L.P., with the stated goal of "reunification with one or both of the respondent parents."
Both juveniles' adjudication and disposition orders show that the trial judge appointed a GAL for Respondent at some point prior to the entry of the orders. Neither the record nor the transcript contain findings of fact from the trial court's inquiry into Respondent's competency, nor is there any clear indication in the transcript whether the Court appointed a GAL for Respondent during the hearings. At no point during the pre-adjudication, adjudication, or disposition *243 hearings was a GAL present for Respondent. Respondent appeals.
II. Issue
Respondent argues once the trial court appointed her a GAL, it was not permitted to conduct the adjudication and disposition hearings without the presence of Respondent's GAL.
III. Standard of Review
"A trial judge has a duty to properly inquire into the competency of a litigant in a civil trial or proceeding when circumstances are brought to the judge's attention, which raise a substantial question as to whether the litigant is non compos mentis. " In re J.A.A., 175 N.C.App. 66, 72, 623 S.E.2d 45, 49 (2005) (citation omitted). The decision whether to conduct such an inquiry is firmly within the discretion of the trial court. In re J.R.W., --- N.C.App. ----, ----, 765 S.E.2d 116, 119 (2014).
IV. Analysis
Respondent argues once the trial court determined Respondent required a GAL, the hearing could not proceed without Respondent's GAL present. We agree.
"On motion of any party or on the court's own motion, the court may appoint a guardian ad litem for a parent who is incompetent in accordance with G.S. 1A-1, Rule 17." N.C. Gen.Stat. § 7B-602(c) (2013). Rule 17 sets forth the procedures for appointment of a GAL for an incompetent person. N.C. Gen Stat. § 35A-1101 defines "incompetent" as it relates to an adult as one who "lacks sufficient capacity to manage the adult's own affairs or to make or communicate important decisions concerning the adult's person, family, or property...." N.C. Gen Stat. § 35A-1101(7) (2013).
In the adjudication and disposition orders, the trial court stated it had determined Respondent required a GAL and appointed one for *601 her. The trial court made this determination "[a]s a result of her harmful behavior" during the disposition hearing. We also note the record is replete with documentation of Respondent's mental and psychological difficulties apparently related to her "organic brain injury requiring surgery" and inability to make decisions regarding the care of the children or her case plan.
Nothing in the transcript indicates exactly when the trial court appointed Respondent's GAL. It is clear from the record and transcript that the trial court appointed Respondent's GAL sometime after the adjudication hearing on 12 August 2014. The adjudication and disposition orders contain language indicating that Respondent's conduct during the disposition was a key factor in the court's competency determination.
The adjudication and disposition hearings were held on 12 and 13 August 2014 and the orders were not entered until 18 November 2014. Because the adjudication and disposition orders are the only express evidence in the record of Respondent being appointed a GAL, we must presume the court decided Respondent was incompetent at some point during the hearings and expressly appointed a " Rule 17" GAL due to her incompetence.
This Court in In re A.S.Y. sets forth a comprehensive analysis of a GAL's duties after appointment pursuant to N.C. Gen.Stat. § 7B-602 (2013).
Ultimately, after the appointment of a GAL, "the court may proceed to final judgment, order or decree against any party so represented as effectually and in the same manner as if said party had been under no legal disability, had been ascertained and in being, and had been present in court after legal notice in the action in which such final judgment, order or decree is entered." N.C. Gen.Stat. § 1A-1, Rule 17(e). Thus, Rule 17 contemplates active participation of a GAL in the proceedings for which the GAL is appointed. The presence and active participation of a GAL appointed according to the provisions of Rule 17 effectively removes any legal disability of the party that is so represented.
In re A.S.Y., 208 N.C.App. 530, 538, 703 S.E.2d 797, 802 (2010).
The transcript reflects Respondent had not advised her appointed attorney "that well" and that he would and did "stand mute." The transcript also reflects her court appointed attorney sought to withdraw and be relieved of his duties. There does not appear *244 to be any communication *602 between Respondent and her court appointed attorney at the disposition hearing. It appears Respondent's situation is specifically anticipated by Rule 17 and N.C. Gen.Stat. § 7B-602 and is sanctioned by this Court in In re A.S.Y. Id.
The trial court determined Respondent could not adequately represent her own interests and appointed a GAL to represent her pursuant to N.C. Gen.Stat. § 7B-602. Conducting the hearing without the presence and participation of the GAL for Respondent was error. In re A.S.Y. at 540, 703 S.E.2d at 803. The trial court's orders of adjudication and disposition must be vacated.
When the court determined Respondent was incompetent and appointed a GAL, it should not have allowed the hearing to go forward without Respondent's GAL. The record clearly shows a Rule 17 GAL was appointed, but is unclear as to when. Once Respondent "has been appointed a GAL according to Rule 17, the presence and participation of the GAL is necessary in order for the trial court to 'proceed to final judgement, order or decree against any party so represented.' " Id. (citation omitted).
V. Conclusion
We vacate the adjudication and disposition orders and remand this case for further proceedings. The trial court will be in the unique position to receive reports, observe the demeanor of Respondent, and determine whether further competency determinations are necessary. If incompetency remains, a GAL must be present at further proceedings.
The trial court's orders are vacated and the cases are remanded.
VACATED AND REMANDED.
Judges GEER and STROUD concur.